**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID M. KISSI | * | |
| Petitioner | * | Civil Action No. AW-12-1944 |
| | | Related Criminal Action No. AW-05-254 |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM**

Preliminary review of Petitioner David M. Kissi's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence indicated the Motion is time-barred. The Court thereafter granted Kissi additional time to address why the Motion was subject to equitable tolling or otherwise timely. ECF No. 202.

Kissi asserts that equitable tolling of the limitations period is warranted because: 1) he "could not file an adequately documented basis to substantiate his claim for [r]elief without the documentation from the Baltimore City Court that supported his claim that he wasn't a career criminal"; 2) he could not "timely uncover Lisa Cook, Trial Judge J.R. Goodwin's Court Reporter's fraud where she had altered the Trial Court's transcript that injured Kissi"; 3) the transcripts were lost in the mail by the U.S. Postmaster while Kissi was incarcerated; 4) prosecutorial fraud; and 5) he suffered "trauma of abuse" by the criminal justice system. ECF No. 213. Additionally, he asserts his appeal counsel provided ineffective assistance and withdrew his representation without giving him notice. *See id*.

Equitable tolling is available to a petitioner "only if he shows, '1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way' and

prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuelielmo*, 544 U.S. 408, 418 (2005)). Here, Kissi's self-serving and unsubstantiated assertions concerning documentation from the state court, alleged fraud by a court reporter and prosecutor, and lost transcripts fail to demonstrate diligent pursuit of rights or an extraordinary circumstance that prevented him from filing during the limitations period. Further, Kissi provides no evidence that he was incapable of filing a timely Motion.  In fact, Kissi's assertion of incapacity is soundly contradicted by his numerous pro se filings in this court and others during the limitations period.[1]

Kissi also blames his untimely filing on appellate attorney Donald Kaplan, who he claims "botched" his appeal and "never informed him that he was withdrawing from representing him and neither did he inform Kissi what other options he had available." ECF No. 213.  On the basis of this general and unsupported claim,  Kissi asserts that he is entitled to equitable tolling under the Supreme Court's recent decision in *Maples v. Thomas*, _U.S._, 132 S.Ct. 912 (2012). His reliance is misplaced because the facts presented here are readily distinguishable.  In *Maples*, the Supreme Court held that abandonment by counsel without notice can constitute an extraordinary circumstance warranting equitable tolling. *See id*. at 923 n. 7.  In *Maples*, a petitioner's state collateral appeal was prepared by two out-of-state attorneys who, while the case was pending, left their firm without notifying petitioner or the state court. *Id*. at 918–919. As a result, petitioner never received notice of the denial of his appeal, nor was he aware that the time for appeal had been triggered. *See id*. at 919–920.  The petitioner subsequently failed to file a timely appeal and, later during federal habeas review, was determined to have procedurally defaulted the claims presented in his collateral appeal. *Id.* at 921–922.  The Supreme Court

---

[1] The limitations period started running on May 18, 2009, when the Supreme Court denied certiorari, and expired one year later.  Kissi filed the instant Motion to Vacate on June 11, 2012. During that time, Kissi filed numerous pleadings, letters, and other filings. *See e.g*., *Pramco II, LLC, et al v. Kissi*, Civil Action No. PJM-03-2241; *Kissi v. Messitte*, Civil Action No. 08-3360 (D. Md.); *Kissi v. Wells Fargo Bank,* Civil Action No. AW-09-1246 (D. Md); *Kissi v. Pramco, II, LLC, et al*, Civil Action No. JJF-09-133 (D. Del).

determined that the petitioner had shown "cause ... to excuse the procedural default into which [the petitioner] was trapped when counsel of record abandoned him without a word of warning of his federal habeas claims." *Id*. at 924.

In this case, however, Kissi neither asserts facts sufficient to support a claim of abandonment nor demonstrates how counsel's purported actions or omissions hindered the filing of a timely federal habeas petition.  First, Kissi does not assert, nor does the record show, that he either retained or was appointed counsel to pursue federal habeas corpus relief.  There is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987); 18 U.S.C. § 3006A(a)(2)(B) (providing a court may provide counsel for an indigent inmate pursuing a petition for habeas corpus "that the court determines that the interests of justice so require").  Further, Kissi provides no evidence to show he diligently pursued in his rights.  Kissi, a litigant with considerable experience filing pro se pleadings, fails to demonstrate how counsel's alleged conduct prevented him from timely filing a § 2255 petition.  In sum, Kissi neither presents facts suggesting attorney conduct so egregious as to amount to abandonment nor "extraordinary circumstances" beyond his control that prevented him from complying with the statutory time limit. *See Rouse v. Lee*, 339 F.3d 238, 246 (2003).

Lastly, the Court finds no basis to issue a Certificate of Appealability. A Certificate of Appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further, *Miller–El v. Cockrell*, 537 U.S. 322 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Where, as here, a petitioner's constitutional claims are dismissed on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack,* 529 U.S. at 484). After reviewing the claims presented, this Court finds no grounds to issue a Certificate of Appealability.

Accordingly, this Court will dismiss the Motion as time-barred, having found no grounds to entitle Petitioner to equitable tolling, and deny a Certificate of Appealability by separate Order to follow.

August 2, 2012                                             /s/
Date                                                       Alexander Williams, Jr.
                                                           United States District Judge