IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID M. KISSI,<br>Defendant. | *<br>*<br>*<br>*<br>*<br>* Criminal No. 05-254-AW<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

On February 4, 2013, the Court held a sentencing hearing on Defendant David Kissi's Violation of Supervised Release (VOSR). The Court hereby clarifies and supplements its findings made on the record during the sentencing hearing.

First, Mr. Kissi repeatedly argued during the sentencing hearing that he should not be incarcerated because Judge Messitte's injunction was "dead," or no longer in force. The Court already determined at the VOSR hearing, however, that the injunction was still in force and Mr. Kissi had violated its terms.

Second, Mr. Kissi complained that his attorney Mr. Nieto failed to provide competent representation at the VOSR hearing because he did not interview or call Judge Messitte as a witness. The Court concludes that Judge Messitte's testimony was not necessary in light of the injunction, which was presented to and reviewed by the Court. Judge Messitte's testimony would have been irrelevant to the VOSR hearing and a subpoena would have constituted harassment. Indeed, the Court believes that Mr. Nieto ably discharged his duties as Defendant's attorney during the VOSR hearing.

Third, Mr. Kissi requested a stay on the grounds that he was pursuing an appeal with the United States Supreme Court. The Court denied this request, as there is no stay order from the Supreme Court and any interlocutory appeal by Mr. Kissi does not compel the Court to further delay these proceedings.

Fourth, Mr. Kissi complained that his recently filed pleadings have not been docketed by the Court. The Court referred Mr. Kissi to its January 14, 2013 Order, Doc. No. 276, which stated that Mr. Kissi's filings would not be docketed unless they were clearly relevant to the VOSR sentencing and complied with all the Local Rules of this Court. Mr. Kissi has continuously attempted to file reams of duplicitous and irrelevant papers with this Court that do not comply with the Court's January 14 Order. Accordingly, such filings will not be docketed.

Fifth, Mr. Kissi claimed that he would withdraw the lawsuits that resulted in the violation of supervised release if the Government dropped its case against him. The Court already found Mr. Kissi in violation, and regardless, Mr. Kissi is not in a position to demand such a quid pro quo. Furthermore, Mr. Kissi has not shown the Court that he is capable of halting his litigious conduct, particularly in light of his recent lawsuit against his court-appointed attorney.

Finally, Defendant again complained that he did not have a lawyer present, stated that he had fired his court-appointed attorney Mr. Nieto, claimed that someone from a George Washington University legal clinic wanted to represent him, and requested a delay in proceedings so he could obtain private counsel. The record in this case reveals that Mr. Kissi has been granted ample time to retain private counsel but has repeatedly failed to do so. The record also reveals that any problems that have arisen between Mr. Kissi and his court-appointed counsel were of Mr. Kissi's making.

U.S. Magistrate Judge Charles Day first appointed counsel for Mr. Kissi on August 24, 2012, Doc. No. 230, and Mr. Kissi's VOSR hearing was originally set for November 7, 2012, Doc. No. 231.  Federal public defender Amy Fitzgibbons entered her appearance on August 28, 2012.  Doc. No. 233.  On October 10, 2012, Mr. Kissi filed a correspondence with this Court stating that the appointment of Ms. Fitzgibbons was invalid, that she wasn't qualified to represent him, and that her representation was inept, deficient and prejudicial.  Doc. No. 252.  Mr. Kissi also requested postponement of the November 7 hearing so he could obtain private counsel.  *Id.*  On November 2, 2012, the federal public defender moved to withdraw as Mr. Kissi's attorney on the grounds that the attorney-client relationship had broken down.  Doc. No. 253.  On November 6, 2012, Mr. Kissi's attorney filed a motion to continue the November 7 hearing so that Mr. Kissi could attend a medical appointment and have more time to resolve the issue of counsel.  Doc. No. 256.

On November 7, 2012, the Court granted Ms. Fitzgibbons's motion to withdraw and granted the requested continuance of the VOSR hearing until December 17, 2012.  Doc. No. 258.  That Order also provided the following: "Should private counsel not enter an appearance by November 17, 2012, the Court will request that Judge William Connelly appoint counsel to represent Defendant at the hearing on December 17, 2012.  There will be no further continuances of this matter, and should Defendant not engage private counsel, he will be represented by court appointed counsel or if he chooses he can represent himself with appointed counsel serving as standby counsel."  *Id.*  Private counsel did not enter an appearance on behalf of Mr. Kissi, and on November 26, 2012, Judge Connelly appointed Christopher Nieto to represent Mr. Kissi at his VOSR hearing.  Doc. No. 262.  Mr. Nieto entered his appearance on November 27, 2012.  Doc. No. 263.

Three days later, Mr. Nieto filed a motion to withdraw as Mr. Kissi's attorney, stating that a productive attorney-client relationship was impossible. Doc. No. 265. Mr. Nieto attached a letter by Mr. Kissi to the Court in which Mr. Kissi claimed to have fired Mr. Nieto because he was inexperienced and would prejudice his defense. *Id.* The Court denied Mr. Nieto's motion to withdraw and ordered Mr. Nieto to continue serving as appointed counsel or as standby counsel in the event Mr. Kissi wished to represent himself. Doc. No. 266. The Court also noted that it would revisit Mr. Nieto's motion to withdraw if Mr. Kissi secured private counsel prior to the December 17, 2012 hearing. *Id.*

The VOSR hearing was held as scheduled on December 17, and Mr. Kissi was found in violation of the conditions of supervised release, with sentencing continued to February 4, 2013. Doc. No. 267. Mr. Kissi permitted Mr. Nieto to serve as counsel at the hearing, and as mentioned above, the Court believes that Mr. Nieto ably discharged his duties. However, following the VOSR hearing, Mr. Kissi filed a civil lawsuit against Mr. Nieto in the District of Columbia.

On January 2, 2013, Mr. Nieto filed a second motion to withdraw as Mr. Kissi's counsel, citing the lawsuit his client had initiated against him and the ongoing difficulties in establishing an attorney-client relationship. Doc. No. 272. The Court denied that motion on January 10, 2013. Doc. No. 274. Mr. Kissi communicated to Mr. Nieto prior to the February 4 sentencing hearing that he did not want Mr. Nieto to represent him at the hearing. As a result, Mr. Nieto stayed in the gallery and Mr. Kissi represented himself during the sentencing hearing. The Court also granted Mr. Nieto's request to withdraw as counsel.

The Court denied Mr. Kissi's request for a continuance of the sentencing hearing because he has had ample time to retain private counsel, but has failed to do so. With respect to his

court-appointed attorneys, Mr. Kissi is incapable of being satisfied with their representation, and his conduct continuously leads to breakdowns in the attorney-client relationship. It is remarkable that following the Court's finding that Mr. Kissi's litigious conduct violated the terms of his supervised release, Mr. Kissi filed yet another lawsuit. This time, it was against his court-appointed attorney, whose representation Mr. Kissi voluntarily accepted at the December 17 VOSR hearing. The Court therefore concluded that Mr. Kissi's requests for continuance were nothing more than attempts to delay these proceedings. Furthermore, given Mr. Kissi's pattern of conduct, substitution of court-appointed counsel was not warranted. *See, e.g.*, *United States v. DeTemple*, 162 F.3d 279, 288–289 (4th Cir. 1998) (upholding denial of motion for substitution where defendant's own conduct created the rift between lawyer and client); *United States v. Morsley*, 64 F.3d 907, 918 (4th Cir. 1995) (holding that district court did not err in denying motion for substitution where the difficulties between defendant and counsel were due to defendant's "belligerence" and "disruptive" behavior); *United States v. Kemache-Webster*, 825 F. Supp. 2d 594, 598 (D. Md. 2011) ("The patience of the Court is not limitless.").

February 7, 2013  /s/
    DATE  Alexander Williams, Jr.
UNITED STATES DISTRICT JUDGE