**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| v | * | Criminal Action No.  PWG-05-0254 |
| | * | |
| DAVID KISSI | * | |
| | *** | |

**MEMORANDUM**

David Kissi submitted two letters with attachments challenging the prefiling injunction imposed in *In re Kissi*, 13-mc-33 and asking to reopen his long closed §2255 proceeding in *Kissi v. United States*, civil action no. PWG-12-1944; related criminal action no. AW-05-254. (ECF 317).

Kissi's first letter, dated September 27, 2015, asks to "reopen" the §2255 proceeding and for appointment of counsel.  Kissi claims the Honorable Alexander Williams,[1] who dismissed the §2255 motion as time-barred and denied a certificate of appealability ("COA") on August 2, 2012, "overlooked" evidence of equitable tolling. *Id*.; *see also* ECF 200, 216, 217. The record demonstrates otherwise.  Judge Williams granted Kissi additional time to address why the §2255 motion was subject to equitable tolling. *Id*. at ECF 202, 213, 216, 217.   Kissi responded, advancing a number of reasons for equitable tolling. None was sufficient to support equitable tolling.  Notably, Kissi did not appeal the dismissal or seek a COA from the United States Court of Appeals for the Fourth Circuit.

Kissi now asks to reopen the §2255 proceeding in order to introduce new grounds for equitable tolling. The new grounds include ineffective assistance of trial counsel, alleged "hostility" against him in this district, inability to obtain records, and the death of his mother-in-

---

[1] Judge Williams has since retired from the bench.

law. (Kissi letter dated May 2, 2015, submitted as an attachment). Kissi fails to explain why he did not raise these grounds in his first §2255 motion or how these circumstances caused him to file that motion some two years after the one-year limitations period elapsed. Curiously, Kissi also attributes his late filing to the revocation of his probation in 2013, an event that occurred after he filed the §2255 motion. Kissi's request for a COA will be denied as he has failed to made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Furthermore, because Kissi has completed his sentence, including his term of supervised release, he no longer meets the "in custody" requirement for filing a § 2255 motion. *See* 28 U.S.C. §2255(a); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (prisoner must be "in custody" at the time his petition is filed).

Kissi's second letter is dated September 29, 2015, and asks for a "waiver" of the prefiling injunction issued in *In re Kissi*, 13-mc-33. Kissi avers the prefiling injunction was improperly issued because he was not provided a hearing under Fed. R. Civ. P 65(b) (stating time for a hearing upon issuance of a temporary restraining order).

Kissi's prefiling injunction was not a temporary restraining order issued under Rule 65. Rather it was issued pursuant to the All Writs Act, 28 U.S.C 1651, after Kissi's well documented history of vexatious and burdensome litigation was determined to satisfy the elements for a prefiling injunction set forth in *Cromer v. Kraft Foods N. Am., Inc*., 390 F.3d 812, 818 (4th Cir. 2004), and he was provided notice and an opportunity to respond.

If Kissi's intention is to file a second or successive §2255 motion by submitting these letters, he must first request prefiling authorization from the United States Court of Appeals for the Fourth Circuit. He may also seek a COA from that court.

For these reasons, Kissi's request to reopen his §2255 proceeding, his request for appointment of counsel, his request for a COA, and his request to "waive" the prefiling injunction all will be denied. A separate order follows.


<u>October 15, 2015</u>                                                    <u>            /S/                                      </u>
Date                                                                            Catherine C. Blake
                                                                                      Chief Judge